# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

DANIEL E. HALL, )
393 Merrimack Street )
Manchester, NH 03103 )
)
    Plaintiff, )
)
    v. )    Civil Action No. _____
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
950 Pennsylvania Avenue NW )
Washington, DC 20530, )
)
    Defendant. )

RECEIVED
Mailroom
JUL 29 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

Case: 1:25-cv-02483
Assigned To : Unassigned
Assign. Date : 7/29/2025
Description: **FOIA (I-DECK)**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Daniel E. Hall brings this action against Defendant United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the disclosure of agency records improperly withheld and to obtain injunctive and declaratory relief as necessary to enforce the Plaintiff's rights under FOIA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Plaintiff has constructively exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) because the Defendant failed to timely respond to FOIA requests and appeals.
2. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because the records sought are located in Washington, DC, and the Defendant agency is headquartered in this District.

## PARTIES

3. Plaintiff Daniel E. Hall is a private citizen residing in Manchester, New Hampshire, and a requester of records under FOIA.
4. Defendant United States Department of Justice is a federal agency within the meaning of 5 U.S.C. § 552(f),
   headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## FACTUAL BACKGROUND

5. On August 5, 2024, Plaintiff submitted multiple FOIA requests to DOJ, collectively tracked as EOUSA-2024-003074, seeking records relating to DOJ involvement in civil litigation and judicial misconduct in the First Circuit.
6. On March 28, 2025, Plaintiff submitted a targeted FOIA request (EOUSA-2025-003373) seeking DOJ records regarding Seth Aframe's participation in appellate orders and his subsequent recusal from civil matters.
7. DOJ denied the March 28 request citing duplication, despite the request being materially narrower and based on new records. Plaintiff filed a timely administrative appeal on April 9, 2025.
8. DOJ has failed to issue any response to the appeal or to the August 5, 2024 FOIA requests. More than 20 working days have passed for each request and appeal without lawful determination, in violation of 5 U.S.C. § 552(a)(6).

## CAUSE OF ACTION

9. Defendant has violated FOIA by failing to make a reasonable search for responsive records and by not responding within the statutory timeframes.
10. Defendant's denial and delay constitute a constructive denial of Plaintiff's FOIA requests under 5 U.S.C. § 552(a)(6)(C)(i), and an unlawful withholding of agency records in violation of FOIA.
11. Defendant has further violated FOIA by failing to acknowledge or process Plaintiff's fifth request submitted on June 27, 2025, which seeks records relating to how the agency has internally handled Plaintiff's prior FOIA submissions. This continuing failure underscores a broader pattern of bad faith, delay, and potential viewpoint-based discrimination in violation of FOIA and the Plaintiff's rights under 5 U.S.C. § 552(a).
12. Defendant has unlawfully withheld four pages of responsive records under FOIA Exemption 5 without demonstrating that all content is deliberative, predecisional,

and non-segregable. Defendant further failed to provide a required Vaughn index or comparable justification, violating 5 U.S.C. § 552(b) and established case law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's actions violate FOIA;

B. Order Defendant to conduct an adequate search and produce all responsive records;

C. Order Defendant to release all reasonably segregable, non-deliberative material from documents withheld under Exemption 5.

D. Enjoin Defendant from further withholding of responsive records;

E. Award Plaintiff costs and attorney fees under 5 U.S.C. § 552(a)(4)(E);

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Daniel E. Hall
Pro Se Plaintiff
393 Merrimack Street
Manchester, NH 03103
(603) 948-8706
dhp123@comcast.net

# STATEMENT OF FACTS

1. Plaintiff Daniel E. Hall is a private citizen residing in Manchester, New Hampshire, and the subject of multiple federal civil rights proceedings involving claims of judicial misconduct and unauthorized legal practices.
2. On **August 5, 2024**, Plaintiff submitted three FOIA requests to the Executive Office for United States Attorneys ("EOUSA") and the U.S. Department of Justice Civil Division. These requests were consolidated and tracked as **FOIA No. EOUSA-2024-003074**.
3. These initial requests sought agency records related to:
    - Deployment of federal enforcement personnel in Hillsborough County, NH;

- DOJ communications referencing Plaintiff in civil litigation;
- Records concerning DOJ's internal handling of several federal civil cases from 2020–2024; and
- Communications by named DOJ officials, including Indraneel Sur and Assistant U.S. Attorney Seth R. Aframe.

4. On **March 28, 2025**, Plaintiff submitted a **fourth FOIA request**, tracked as **FOIA No. EOUSA-2025-003373**, specifically seeking:
   - All internal DOJ communications, notes, and policy directives involving **Seth R. Aframe's participation and recusal** in several civil appeals before the First Circuit Court of Appeals (2022–2024);
   - Records explaining why a Criminal Division Chief was **carbon copied** on multiple civil rights appellate orders; and
   - DOJ documentation regarding Aframe's **recusal on July 10, 2024** in *Hall v. Twitter*, No. 23-1555 (1st Cir.).
5. Plaintiff's March 28 request cited **five First Circuit orders** from 2022 to 2024 in which Mr. Aframe was either carbon copied or formally recused, and asserted that the involvement of a DOJ Criminal Division Chief in civil litigation raised **ethical and jurisdictional concerns** not addressed by the agency.
6. On the same day, **March 28, 2025**, EOUSA issued a denial letter stating that FOIA No. EOUSA-2025-003373 was "duplicative" of the earlier submission, EOUSA-2024-003074.
7. However, EOUSA's denial **expressly stated** that the information sought in the March request **"will be processed"** under FOIA No. EOUSA-2024-003074, effectively acknowledging that the content was **valid and actionable.**
8. Despite this representation, **no records have been produced under either FOIA No. EOUSA-2024-003074 or FOIA No. EOUSA-2025-003373**, nor has Plaintiff received a Vaughn index or any written justification for withholding responsive material.
9. On **April 9, 2025**, Plaintiff filed a formal **administrative appeal** with the DOJ Office of Information Policy ("OIP"), arguing that FOIA No. 2025-003373 was materially narrower, non-duplicative, and based on newly available evidence.
10. On June 27, 2025, Plaintiff submitted a fifth FOIA request to both the Executive Office for United States Attorneys ("EOUSA") and the Office of Information Policy ("OIP"). This request seeks all internal DOJ records — including processing notes, FOIA logs, internal flags, routing slips, and interagency communications — that reference Plaintiff, his prior FOIA filings, or his civil litigation history in *Hall v. DOJ*, *Verogna v. Johnstone*, or *Hall v. Twitter*.
11. The June 27 request (hereinafter "FOIA No. 2025-XXXXX") specifically asked for records showing whether Plaintiff's FOIA submissions were treated in a discriminatory, retaliatory, or irregular manner, including any internal designations marking his requests as burdensome, duplicative, or special interest. As of the filing date of this Complaint, DOJ has neither acknowledged the request, assigned a tracking number, nor issued any response, further demonstrating a continuing pattern of noncompliance under 5 U.S.C. § 552(a)(6).
12. As of the date of filing this Complaint, DOJ has failed to:
    - Produce any responsive records;

- Provide a valid exemption explanation;
- Issue a final determination on the appeal; or
- Comply with the statutory deadlines under 5 U.S.C. § 552(a)(6).

13. Plaintiff has thus **constructively exhausted** all administrative remedies, and brings this action to enforce his rights under the Freedom of Information Act.
14. On July 17, 2025, Plaintiff submitted a formal administrative appeal of the July 7 denial, contesting DOJ's broad invocation of FOIA Exemption 5 and arguing that the withheld four pages were not entirely deliberative in nature. Plaintiff's appeal also challenged the agency's failure to provide a required Vaughn index and requested segregable, non-exempt portions of the records. As of the date of filing, DOJ has failed to issue a final determination or release any portion of the four withheld pages.

**Verification**

I, Daniel E. Hall, declare under penalty of perjury under the laws of the United States of America that the foregoing Statement of Facts is true and correct to the best of my knowledge.

Executed on July 22, 2025.

*[signature: Daniel E. Hall]*

Daniel E. Hall